COOK, COMMISSIONER OF REVENUES v. U. S. FIDELITY & GUARANTY COMPANY.

4-9096                            227 S. W. 2d 135

Opinion delivered February 27, 1950.

*H. Maurice Mitchell* and *O. T. Ward,* for appellant.
*Wright, Harrison, Lindsey & Upton,* for appellee.

LEFLAR, J. This is an action brought by the State Commissioner of Revenues on a burglary insurance policy issued by defendant company. The Circuit Court sitting without a jury held for the defendant, and plaintiff Commissioner appeals.

The insurance policy was issued by defendant to E. Ritter & Co. of Marked Tree, Ark., as the insured, but it contained provisions (Paragraph B) including within its coverage property owned by third persons, under some circumstances, and provided for payment by the insurance company directly to such third persons in event of a loss covered by the policy.

Early in January, 1947, M. B. Miller, County Inspector for the State Revenue Department, secured permission from E. Ritter & Co. to place in Ritter's safe at night a cigar box containing money collected by Miller for the State, and this was done for several nights up to and including the night of Jan. 11-12, 1947. On that night burglars entered the Ritter building and broke open the safe, taking therefrom considerable money which belonged to Ritter as well as the cigar box full of money belonging to the State. The cigar box that night contained, the parties agree, the sum of $1,576.06. The State has already recovered $1,000 on account of this loss under another insurance policy. The present suit was brought to recover the remaining $576.06.

The policy contained a standard proof of loss clause, requiring that written proof of loss be furnished to the insurance company within sixty days from the date of discovery of any loss. Ritter furnished to the company the required proof of loss within the designated time, as to Ritter's own losses, but not as to the State's loss. Ritter's claim was paid off by defendant in due course. No formal proof of loss was ever furnished to defendant by the State, but on March 24, 1947, some 10 or 12 days after expiration of the 60-day period allowed for proof of loss, plaintiff made a request that the defendant make payment to plaintiff on the policy. The defendant in turn denied liability on or about March 27, 1947.

Plaintiff contends that the function of the proof of loss clause was served when defendant actually learned of the loss, the facts being otherwise undisputed, and that a third party like the plaintiff, unacquainted with the terms of the contract, should not be held subject to its provisions until he learned of his rights under it.

Whether the plaintiff had rights under the contract we do not now decide. A contract for the benefit of a third party to whom neither of the contracting parties is indebted may be enforced in Arkansas. *Freer* v. *Putnam Funeral Home, Inc.,* 195 Ark. 307, 111 S. W. 2d 463. But a third party may not recover upon a contract under which the parties did not intend to benefit him, one under which he is a mere incidental beneficiary. *Carolus* v. *Arkansas Power & Light Co.,* 164 Ark. 507, 262 S. W. 330. Whether this insurance contract places this plaintiff in the first group or the second is not hereby determined. Our holding is that, assuming that the plaintiff has rights under the contract, he still cannot recover because he has not complied with the proof of loss requirement in the contract.

The proof of loss clause was a valid part of the insurance contract. Similar clauses have been many times sustained and enforced in this court. *Teutonia Ins. Co.* v. *Johnson,* 72 Ark. 484, 82 S. W. 840; *New York Life Ins. Co.* v. *Moose,* 190 Ark. 161, 78 S. W. 2d 64; *Home Life Ins. Co.* v. *Swaim,* 200 Ark. 819, 142 S. W. 2d 209; *Brotherhood of Railroad Trainmen* v. *Drake,* 204 Ark. 964, 165 S. W. 2d 947. The insurance company's right to rely upon non-compliance with the clause is not waived by a general denial of liability asserted by the company after the period for filing a proof of loss has expired. *Smith* v. *American National Ins. Co.,* 111 Ark. 32, 162 S. W. 772; *Illinois Bankers' Life Assn.* v. *Byassee,* 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379. The clause is a part of the contract under which plaintiff claims, and he cannot ignore it in making his claim. When we assume that plaintiff has rights as a third party beneficiary under this contract, we assume no more than that he has the rights which the contract specifies, subject to the conditions which it specifies.

He cannot ask further that the contract be remade to confer upon him a right denied by its terms. As a volunteer, he either takes the contract as it is, or not at all.

The judgment is affirmed.