Robert HOWELL and TALL TIMBER
DEVELOPMENT CORPORATION *v.*
WORTH JAMES CONSTRUCTION COMPANY

75-367                                 535 S.W. 2d 826

Opinion delivered April 26, 1976

*Spitzberg, Mitchell & Hays,* by: *Beresford L. Church* for appellants Tall Timber Dev. Corp.

*Smith, Williams, Friday, Eldredge & Clark,* for appellees and cross-appellant.

FRANK HOLT, Justice. The appellant Tall Timber Development Corporation is the owner and developer of Tall Timber subdivision. In March, 1973, Tall Timber Development Corporation entered into a contract with the appellee Worth James Construction Company. Pursuant to this contract, the appellee constructed water and sewer lines for the subdivision. The appellee was fully paid the contract price of $363,672.22. In October, 1973, the appellant Tall Timber entered into a separate contract with appellant Howell (who does not favor us with a brief) under which Howell did the trenching for the installation of the underground power cables for the subdivision. The appellee brought suit against both appellants for damages in the sum of $8,961.88 which it allegedly suffered as a result of broken water lines in the course of Howell's trenching operations. The trial court, sitting as a jury, awarded judgment against both appellants, jointly and severally, in the amount of $7,000, holding, *inter alia,* that:

> By so providing in its contract, the owner became in effect the bonding company for Howell and is liable to the plaintiff as one of the utility contractors which was intended to be protected by the provision in its contract requiring the retainage of 40% of the contract price. ****This judgment shall also be against Tall Timber Development Corporation on the basis that its president, John D. "Doug" Toney, made a verbal assurance to the plaintiff on May 28, 1974, that it would stand behind Robert Howell.

Appellant Tall Timber first argues for reversal that the trial court erred in holding that it was liable to appellee by virtue of the provisions of its contract with Howell. That con-

tract provides in pertinent part:

> Performance Bond Provisions as set out in paragraph 4 or any other part of this contract is hereby waived provided the owner shall retain 40% of any amounts due contractor until all damages, if any, to other utility lines have been repaired and installation accepted by Arkansas Power & Light Company. Then, owner shall release to contractor all of the retainage except 10% which shall be retained by the owner until the installation has been accepted by all appropriate governmental and utility agencies, at which time the 10% shall be paid to the contractor.

Appellant Tall Timber asserts that apparently the trial court's holding was based on a third-party beneficiary theory and argues that there is absolutely nothing in the record to indicate that the quoted provision was intended by either party to the contract, Tall Timber or Howell, to benefit the appellee or anyone else other than the contracting parties. Also there was no provision for payment by Tall Timber to any damaged utility contractor or any other person and there was no existing obligation from Howell to the appellee at the date of the contract. Tall Timber argues further that the clear intent of the provision was to protect it, not some third party like the appellee. We cannot agree with appellants' contentions.

It is true, as Tall Timber asserts, the presumption is that parties contract only for themselves and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. *Walker* v. *Wittenberg, Delony & Davidson, Inc.*, 242 Ark. 97, 412 S.W. 2d 621 (1967). In the case at bar, there is substantial evidence that it was the clear intention of the parties to contract for the benefit of appellee and that appellee was a beneficiary of their contract. We have repeatedly held that a contract made for the benefit of a third party is actionable by such third party. *Freer* v. *J.G. Putnam Funeral Home, Inc.*, 195 Ark. 307, 111 S.W. 2d 463 (1937); *Spears Mining Co.* v. *Shinn*, 93 Ark. 346, 124 S.W. 1045 (1910); and *H. B. Deal & Co., Inc.* v. *Head*, 221 Ark. 47, 251 S.W. 2d 1017 (1952. See

Restatement, Contracts, § 135. Also Comment, Enforceability of Third-Party Beneficiary Contracts in Arkansas, 5 Ark. L. Rev. 66 (1950-51). In *Freer, supra,* we said:

> The intention of the parties, so far as these may be determined, may be examined to gain understanding of the meaning of the parties by the language employed, and their conduct in relation thereto may help to clarify what might otherwise be doubtful.

In 17 Am. Jur. 2d, § 314, it is said:

> It is not essential, in order to enable a third person to recover on a contract made and intended for his benefit, that he knew of the contract at the time it was made. The fact that he did not act upon the faith of, or in reliance upon, the contract does not defeat his recovery.

In *Carolus* v. *Arkansas L&P Company,* 164 Ark. 507, 262 S.W. 330 (1924), we said:

> Where from the language of the contract itself, or the testimony *aliunde,* it could be said that it was the intention of the parties to the contract to confer a direct benefit upon a third person, then such person may sue on the contract. It is not necessary that the person be named in the contract, if he is otherwise sufficiently described or designated, he may be one of a class of persons if the class is sufficiently described or designated.

Here the contract provides that Tall Timber will retain 40% of any amount due Howell until all damages to other utility lines have been repaired. By the terms of the contract, Tall Timber agreed to waive performance bonds for Howell and in effect became the surety for Howell. Clearly, the intent of the retainage provision of the Tall Timber-Howell contract was to provide bonding for Howell for damages he might cause to other utility lines. Therefore, it could logically be found that appellee Worth James is a third party beneficiary for whom this provision was specifically designed. This result is also buttressed by the testimony of a witness that the president of Tall Timber assured appellee that "as far as he was

concerned that Howell was their contractor and they would stand behind him."

Since we hold the trial court's finding, that Tall Timber is jointly liable to appellee as a third party beneficiary, is supported by substantial evidence, we deem it unnecessary to consider Tall Timber's next contention that the trial court erred in finding it was additionally liable because it made a binding verbal assurance to appellee.

Appellants also assert that the appellee's proof was insufficient to sustain the amount of damages awarded. The trial court found and awarded appellee judgment against Tall Timber and Howell jointly and severally in the amount of $7,000. Tall Timber argues that appellee failed to introduce any evidence as to the direct cost of repairs of any break or combination of breaks which was caused by Howell. Appellants argue further that appellee's damages are completely in the realm of speculation and should not be charged against either Howell or itself. We cannot agree. No citation is required that on appeal we need consider only that evidence which is most favorable to appellee and affirm if there exists any substantial evidence to support the finding of a jury or the court sitting as a jury. Appellant Howell testified that he may have been responsible for up to seventeen or eighteen breaks. One witness testified that Howell admitted responsibility to him for thirty-two or thirty-three breaks. There was also evidence of a total of sixty-two "actual breaks" caused by Howell. Another witness testified that from December 13, 1973, to February 6 or 7, 1974, the only reason appellee's crew worked on the subdivision site was for the sole purpose of repairing the breaks caused by Howell. Appellee introduced an itemized statement of the total expense of $8,961.88 incurred by it for repair of breaks allegedly caused by Howell. Appellee presented evidence of invoices and payrolls to support those items. One witness testified that it took longer to repair the lines broken by Howell than to build the whole water system. There was ample substantial evidence to sustain the finding of the amount of damages awarded appellee.

Appellee Worth James contends on cross-appeal that the

trial court erred in refusing to grant it a materialman's lien on the property of Tall Timber. Appellee, as cross-appellant, argues that it is entitled to a materialman's lien under Ark. Stat. Ann. § 51-601 (Repl. 1971), which provides in pertinent part:

> Every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work to or upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection improvement to or upon land * * * under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials **** furnished a lien upon such building, erection or improvement upon the land. . . .

Appellee argues that the materialman's and laborer's lien statute was designed to protect those who expend their money and efforts in improving the property of others; that appellee fits exactly into the catagory of those whom the statute was designed to protect, and that there is no persuasive reason as to why the lien statute would not apply for the work done by appellee. Appellant Tall Timber responds that appellee is not entitled to a materialman's lien against Tall Timber's real property for any amount, whatever its damages ocasioned by the actions of Howell. Tall Timber argues that whatever the expense to appellee of damaged lines occasioned by Howell or by anyone else, it is not "under or by virtue of any contract with" Tall Timber or any agent, contractor, or subcontractor of Tall Timber. Appellant submits that not even the most liberal construction of our lien laws would permit appellee to have a materialman's lien against Tall Timber's land and improvements for its claim against Howell.

We agree with appellee on its cross-appeal with respect to being entitled to a materialman's lien. In *Gillison Discount Building Materials, Inc.,* v. *Talbott,* 253 Ark. 696, 488 S.W. 2d 317 (1972), we said "The necessary contract can be by express agreement or implied from the circumstances or conduct of the parties." In the case at bar appellee's contract

with Tall Timber required that appellee construct and complete a water distribution system which would be acceptable to the city. Tall Timber had notice from appellee of the continuing damages being caused by Howell, Tall Timber's contractor, and stood by and allowed appellee to make the necessary repairs which were required to meet the city's requirements. These repairs inured to Tall Timber's benefit by improvements to its property. Furthermore, Tall Timber's president assured appellee it would stand behind Howell. As indicated, appellee should be awarded a materialman's lien against Tall Timber's real property for the amount of appellee's judgment.

Appellee next asserts on cross-appeal that the trial court erred in its failure to award a judgment for appellee for the full amount of $8,812.11. As indicated, $7,000 was awarded. Appellee argues that the proof shows that appellee is entitled to judgment against Tall Timber for $8,812.11 and there is no evidence to support a reduction of that amount. Therefore, we should direct the trial court to enter judgment for the full amount sought. We cannot agree. Where the trier of the facts, as here, awards more than a mere nominal sum based upon substantial evidence, the courts are without authority to increase it. *Wharton v. Bray*, 250 Ark. 127, 464 S.W. 2d 554 (1971); and *Fulbright v. Phipps*, 176 Ark. 356, 3 S.W. 2d 49 (1928).

For the error indicated on the cross-appeal, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion. Otherwise, the judgment is affirmed on direct and cross-appeal.

Affirmed on direct and reversed in part on cross-appeal.