Bettye KREMER and William KREMER *v.* BLISSARD
MANAGEMENT & REALTY, INC., et al.

86-85                                              711 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Davidson Law Firm, Ltd.* by: *Charles Phillip Boyd, Jr.,* for
appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Beverly A.
Rowlett,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit for personal
injuries suffered by Bettye Kremer when she stumbled at night
outside the condominium she and her husband were renting from
its owner, Joan Palmer, who in turn had employed the appellee,
Blissard Management & Realty, to manage the condominium.
Mrs. Kremer attributed her fall to Blissard's failure to replace a
burned-out light bulb which Mrs. Kremer had reported. Al-
though the suit was based on negligence, it seems to have been

submitted to the jury as one for breach of an oral contract. The verdict was for Blissard. The appeal comes to this court as a second appeal, under Rule 29(1)(j). *Blissard Management & Realty* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984).

■ Counsel for the appellants, without objection, designated only a small part of the record for the presentation of the two arguments for reversal. First, during the testimony of Dwight Blissard, Jr., he identified two written contracts: the management agreement between Mrs. Palmer and Blissard and the lease signed by Blissard and the Kremers. Both documents were admitted into evidence. The court, however, refused to allow counsel to stop at that point and have the witness read paragraphs of the contracts to the jury. The court explained that the documents were in evidence and could be used in the closing argument. Counsel then asked the witness Blissard if under the management agreement he had to maintain the leased premises. The court interposed, stating its position:

> Just a minute, Mr. Boyd. I still haven't made my point clear to you. And that is, Mr. Blissard, he may have gone to law school; I don't know. But it is presumed that he didn't. And you see, the question of law in a court proceeding is for the Court. The question of fact is for the jury.

There was no error and certainly no hint of prejudice. The trial court stated the law correctly.

Second, at the end of the trial counsel for the plaintiffs asked the court to give a number of instructions that would have left the determination of questions of law to the jury. For example, the amended complaint had alleged that Mrs. Kremer was a third party beneficiary of the management agreement, so that Blissard's duty to maintain the common areas was in part for her benefit. One proffered instruction would have defined a third party beneficiary and closed by telling the jury that "whether or not Bettye Kremer was a member of the class of individuals intended to be a beneficiary of that contract, is for you to determine." Other instructions would have told the jury to interpret the contracts according to their plain meaning, to construe ambiguities against the defendants, who prepared the contracts, and so on.

The requested instructions were properly refused. The construction and the legal effect of contracts are to be determined by the court as a question of law, except in instances in which the meaning of language depends on disputed extrinsic evidence. *Security Ins. Co.* v. *Owen*, 252 Ark. 720, 480 S.W.2d 558 (1972). That principle was recognized and applied by the court below. In admitting the lease into evidence the court remarked that during a recess "we'll see what we need to do in the way of an interpretation of its legal significance to the jury." By proceeding in that way the court might, if the occasion arose, first have construed the management agreement to require Blissard to maintain the common areas and then have instructed the jury that it was Blissard's duty to use ordinary care to maintain the common areas in a reasonably safe condition. Jurors are not trained in the law. They cannot be expected to examine a contract, decide what duties it imposes, pass upon the facts, and return their verdict accordingly. The plaintiffs' requested instructions would have resulted in that impermissible procedure.

Affirmed.