Eugene HUNT, Individually and for a Class
*v.* Jerry RILEY, et al.;
Jerry Riley, Leon Jones, Sr., Jessie Jones,
Michael Glover, Cross-Appellants;
Eugene Hunt, Individually and for a Class, Cross-Appellees.

95-387                                      909 S.W.2d 329

Supreme Court of Arkansas
Opinion delivered November 13, 1995

454

*Eugene Hunt* and *Ann Hill*, for appellants.

*R. David Lewis*, for appellees.

*The Cortinez Law Firm, P.A.,* by: *Robert S. Tschiemer*, for cross-appellant Jessie Jones.

ROBERT L. BROWN, Justice. Appellant Eugene Hunt, an attorney in Jefferson County, brings this appeal on behalf of himself and other attorneys who, he alleges, comprise a class. He contends that the circuit court erred in dismissing his complaint under Ark. R. Civ. P. 12(b)(6) because his complaint asserted sufficient facts for relief for tortious interference with a business expectancy and for the tort of outrage. We disagree and affirm the order of dismissal.

On February 3, 1993, Hunt filed a class action on his own behalf and on behalf of a class of attorneys who, he stated, had suffered economic hardship because of the defendants' conduct. The persons named as defendants included appellee Jerry Riley, appellee Leon Jones, Sr., appellee Jessie Jones, and appellee Michael Glover as well as "Blob" Pleasant and Revawn Johnson. Hunt alleged that the attorneys affected were too numerous for individual claims, making a class action the only practical

mechanism for relief. No order certifying the class was obtained from the circuit court under Ark. R. Civ. P. 23.

The essential allegations in the complaint for purposes of this appeal are these:

12. That a substantial portion of Plaintiff's [Hunt's] practice is or has encompassed the area of personal injury law.

13. That Plaintiff's personal injury practice has drastically decreased.

14. That it has become known to Plaintiff that the named Defendants either alone or in concert have been involved in the solicitation of potential personal injury clients for legal action.

15. That each Defendant obtains auto accident information, approaches the accident victims, and suggests his respective attorney's name to induce a contract for legal representation.

16. That as a direct and proximate cause of the Defendants' outrageous conduct the Plaintiff has suffered loss of income.

17. That as a direct and proximate cause of the Defendants' tortious interference with contractual relationship or business expectancy the Plaintiff and plaintiff class have suffered loss of income, for which the plaintiff is entitled to compensatory damages against the defendants herein.

18. That said prospective clients have made it known that they do not desire to be solicited.

19. That the Defendants alone or in concert have engaged in the tort of outrageous conduct in their persistence in soliciting prospective clients.

20. That the Defendants have alone or in concert have engaged in the tortious interference with contractual relationship or business expectancy.

21. That the Defendants knew or ought to have known, in the light of the surrounding circumstances, that their

conduct would naturally or probably result in injury and that they continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred, and that the plaintiff and plaintiff class are entitled to punitive damages.

Appellee Jessie Jones moved to dismiss the complaint on Rule 12(b)(6) grounds. Appellee Michael Glover answered and denied the complaint's allegations, but he counterclaimed for sanctions under Ark. R. Civ. P. 11. He then filed a motion to dismiss under Rule 12(b)(6). Appellee Jerry Riley also answered with a denial and counterclaimed for Rule 11 sanctions. In a separate motion, he too moved to dismiss under Rule 12(b)(6). Hunt answered the counterclaims of Riley and Glover for Rule 11 sanctions. A reference is made in the record to a motion for Rule 11 sanctions filed by appellee Jessie Jones on May 13, 1994, but the motion itself is not included in the record.

On April 4, 1994, an order of the circuit court was entered dismissing the Hunt complaint "without prejudice" for failure to state a cause of action.[1] On December 30, 1994, an order by the circuit court was entered denying the request for Rule 11 sanctions. On January 27, 1995, Hunt appealed from the "order entered on December 29, 1994 dismissing the complaint." On February 3, 1995, Riley, Jessie Jones, Leon Jones, Sr., and Glover cross-appealed from the circuit court's order denying Rule 11 sanctions.

## I. MOTION TO DISMISS

We begin by examining Hunt's point that he stated facts in his complaint upon which relief could be granted. In reviewing a trial court's decision on a motion to dismiss under Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Neal* v. *Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994); *Gordon* v. *Planters & Merchants Bancshares, Inc.*, 310 Ark. 11, 832 S.W.2d 492 (1992); *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989). In deciding dismissal motions, the trial

---

[1] An affidavit was filed by appellee Jessie Jones, but there is no indication in the record that anything other than the allegations in the complaint were considered by the circuit court in making its decision.

court must look only to the allegations in the complaint. *Neal* v. *Wilson, supra; Wiseman* v. *Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993); *Deitsch* v. *Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). In order to state a cause of action, the complaint must allege facts and not mere conclusions. Ark. R. Civ. P. 8; *see also Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993); *Rabalaias* v. *Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). When a complaint is dismissed without prejudice, the plaintiff has the option of pleading further or appealing. *Hollingsworth* v. *First Nat'l Bank & Trust Co., supra*. If the plaintiff appeals, the option to plead further is waived in the event of an affirmance by the appellate court. *Id.*

■ Hunt first contends that he adequately pled a claim for tortious interference with a contract or business expectancy. There are four elements of a tortious interference claim: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Belin* v. *West*, 315 Ark. 61, 864 S.W.2d 838 (1993); *Fisher* v. *Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993); *Walt Bennett Ford* v. *Pulaski County Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981). For an interference to be actionable, it must be improper. *Fisher* v. *Jones, supra; Walt Bennett Ford* v. *Pulaski County Special Sch. Dist., supra.*

Hunt in his complaint made several general assertions regarding his cause of action. He stated that a substantial portion of his law practice consisted of personal injury claims and that the defendants obtained accident information from police reports, contacted the accident victims, and referred them to certain attorneys for legal representation. He further asserted that the prospective clients made it known that they did not desire to be solicited and that his personal injury practice had drastically decreased.

■ Other than the allegation that Hunt had a personal injury practice, the complaint does not specifically state that Hunt actually had a contractual relationship with any of these "prospective clients" or that he had a business expectancy with respect to

their representation, although presumably that is the basis for his complaint. Moreover, the complaint gives no factual basis for why Hunt believed that he had a contract or business expectancy to represent these "prospective clients." Nor does the complaint allege that the defendants knew of a relationship between Hunt and any of the accident victims or of any expectancy Hunt had in their business or that the defendants' actions were in any way improper. These are essential elements of a tortious interference claim. *Fisher* v. *Jones, supra.* Hunt only makes the bald and conclusory assertion that he had a contractual relationship or a business expectancy, and that the defendants' conduct interfered with it. Conclusions without the necessary factual underpinnings to support them are not enough to state a cause of action. *Hollingsworth* v. *First Nat'l Bank & Trust Co., supra.*

The same holds true for his claim of outrage. In order to establish liability for outrage, Hunt was required to show: (1) that the defendants intended to inflict emotional distress or willfully and wantonly knew or should have known that emotional distress was the likely result of their conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) that the actions of the defendants were the cause of his distress; and (4) that the emotional distress sustained by Hunt was so severe that no reasonable person could be expected to endure it. *Thornton* v. *Squyres*, 317 Ark. 374, 877 S.W.2d 921 (1994); *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 569 S.W.2d 681 (1980).

Here, Hunt's complaint alleges that the defendants were soliciting accident victims for their respective attorneys and that this conduct amounted to tortious conduct. While the allegations are of the most serious sort, this court has stated that merely describing conduct as outrageous does not, in itself, make it so. *Ross* v. *Patterson*, 307 Ark. 68, 817 S.W.2d 418 (1991). Hunt also fails to allege that the defendants' conduct resulted in any type of emotional distress for him, and that is an essential element of the tort of outrage. Hunt only states, again in conclusory fashion, that he suffered a loss of income due to the defendants' "outrageous conduct."

We conclude that the circuit court did not err in dis-

missing Hunt's complaint for failure to state a cause of action. Moreover, because Hunt chose to appeal rather than to amend his complaint following the order of dismissal without prejudice, his complaint is dismissed with prejudice. *See Hollingsworth* v. *First Nat'l Bank & Trust Co., supra.*

## II. RULE 11 SANCTIONS

■■ The appellees cross-appealed claiming that the circuit court erred in denying their requests for Rule 11 sanctions. Under Rule 11, an attorney signing a pleading, motion, or other paper on behalf of a party certifies (1) that the attorney made a reasonable inquiry into the facts supporting the document or pleading; (2) that he or she made a reasonable inquiry into the law supporting that document to ensure that it was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) that the attorney did not interpose the document for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. *Ward* v. *Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992). When a violation of Rule 11 occurs, the Rule makes sanctions mandatory. *Id.* Whether a violation occurred is a matter for the trial court to determine, and this determination involves matters of judgment and degree. *Id.* In reviewing a trial court's Rule 11 determination, we do so under an abuse of discretion standard. *Id; see also Miller* v. *Leathers*, 311 Ark. 372, 843 S.W.2d 850 (1992); *Miles* v. *Southern*, 297 Ark. 280-A, 763 S.W.2d 656 (1988) (supplemental opinion denying rehearing).

■ The appellees' cross-appeal should be dismissed because they failed to bring up a record sufficient to decide this point on appeal. The trial court apparently conducted a hearing on the matter, and briefs were submitted. None of this information was included in the record. The burden is on the appealing party to bring up a sufficient record for our review. *Young* v. *Young*, 316 Ark. 456, 872 S.W.2d 856 (1994). It is impossible to determine if the circuit court abused its discretion in the instant case, when we cannot determine what evidence the court had before it and what it weighed and considered. *Id; Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992). The fact that Hunt's complaint is conclusory, standing alone, is not enough for us to

conclude that the circuit court abused its discretion. The circuit court's denial of Rule 11 sanctions is affirmed.

Affirmed on direct appeal. Affirmed on cross-appeal.

ROAF, J., not participating.