Harold F. KIDD, dba Value Line
Company, Plaintiff,

v.

BASS HOTELS & RESORTS, INC.,
and Ladd Furniture, Inc.,
Defendant.

No. 4:98–CV–00560.

United States District Court,
E.D. Arkansas,
Western Division.

Aug. 17, 2000.

G. Randolph Satterfield, Satterfield Law Firm, Little Rock, AR, for plaintiff.

Claire Shows Hancock, Wright, Lindsey & Jennings, Little Rock, AR, Alan H. Silberman, Sanford M. Pastroff, Sonnenschein, Nath & Rosenthal, Chicago, IL, Marshall S. Ney, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, AR, Rodrick J. Enns, Mark A. Stafford, Kilpatrick Stockton, LLP, Winston–Salem, NC, R. Rand Tucker, Attorney at Law, Greensboro, NC, for defendants.

### ORDER GRANTING SUMMARY JUDGMENT

WILSON, District Judge.

Pending are: Defendant LADD Furniture, Inc.'s (LADD's) Motion for Summary Judgment (Doc. No. 58) and Plaintiff's Response (Doc. No. 67); and Defendant Bass Hotels and Resorts, Inc.'s (BHR's) Motion

for Summary Judgment (Doc. No. 61), and Plaintiff's Response (Doc. No. 69). For the reasons set forth below, the motions are GRANTED.

Also pending is Defendant BHR's Motion to Supplement its Motion for Summary Judgment (Doc. No. 66). Plaintiff has filed no objection. This motion is GRANTED.

## BACKGROUND

Plaintiff manufactures and sells furniture. Defendant LADD is one of Plaintiff's competitors. Defendant BHR is the franchisor of Holiday Inn full service hotels and Holiday Inn Express limited service hotels.

In 1998, Defendant BHR announced a major upgrading requirement for the Holiday Inn franchises through a Standard Room Decor Program (SRD). The SRD set deadlines for franchisees to upgrade their properties. Defendants BHR and LADD entered into an agreement under which LADD would provide furniture to BHR's franchisees at an agreed upon price, and LADD would pay BHR 1/2% of its sales in exchange for BHR's management of the SRD. Defendant BHR's franchisees were not under an obligation to buy their furniture from LADD, but LADD's furniture was pre-approved to meet the requirements of the SRD. The way in which other vendors could become approved was detailed in the SRD.

Plaintiff alleges that the Defendants illegally restrained trade and competition in the motel/hotel furniture industry nationwide. Plaintiff contends that Defendants' actions amount to exclusive dealing contracts, price fixing, and tying arrangements, each in violation of § 1 and 2 of the Sherman Act, violations of the Arkansas Unfair Practices Act, and the tort of tortious interference with a contract.

Defendants BHR and LADD have each filed separate Motions for Summary Judg-

ment. These motions raise many of the same points, and are, thus, discussed simultaneously below.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial on disputed factual issues. *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725 (8th Cir.1979), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir.1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.

Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–274 (8th Cir.1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

## ANALYSIS

### I. Antitrust Violations

#### A. Conspiracy/Price Fixing

The Court previously ruled (Doc. No. 31) that an antitrust conspiracy claim could only be cognizable if Plaintiffs assert a claim for horizontal conspiracy between LADD and Kimball. Defendants assert that both Harold Kidd and his sales manager admitted that they are not aware of any agreement between LADD and Kimball on prices or anything else. Defendants therefore argue that summary judgment should be granted.

Plaintiffs did not respond to this argument. Thus, I assume they concede this point. Defendant BHR's and LADD's Motions for Summary Judgment on this issue are GRANTED.

#### B. Exclusive Dealing

■ "Exclusive dealing arrangements require a buyer to purchase products or services for a period of time exclusively from one supplier.... Exclusive dealing arrangements, like tying arrangements, foreclose competitors of the supplier from marketing their products for the period of time involved." ABA Section of Antitrust Law, Antitrust Law Developments, 214 (4th ed.1997).

■ An agreement may be a *de facto* exclusive dealing agreement. *See Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1058 (8th Cir.2000). These are evaluated under a rule of reason analysis. *Id.*

The principle criteria used to evaluate the reasonableness of a contractual arrangement include the extent to which competition has been *foreclosed in a substantial share of the relevant market*, the duration of any exclusive arrangement, and the height of entry barriers.

*Id.* at 1059 (emphasis added). The United States Supreme Court has described the test as follows:

In determining whether an exclusive-dealing contract is unreasonable, the proper focus is on the structure of the market for the products or services in question—the number of sellers and buyers in the market, the volume of their business, and the ease with which buyers and sellers can redirect their purchases or sales to others. Exclusive dealing is an unreasonable restraint on trade only when a *significant fraction of buyers or sellers are frozen out of a market* by the exclusive deal.

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 45, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984) (emphasis added).

■ Plaintiff argues that he was foreclosed from selling to Holiday Inn hotels, and that Holiday Inn hotels are "a substantial market for all casegoods suppliers in the United States and world-wide." *See* Doc. No. 71. Yet, Plaintiff has provided no evidence to support the conclusory allegation that the Holiday Inn hotels constitute a substantial share of the market. Defendant BHR, on the other hand, has provided evidence that Holiday Inn hotels

account for less than 9% of the total number of rooms in the United States. *See* Doc. No. 62.

■ This is not enough to constitute a substantial share of the relevant market or to show that a significant fraction of buyers or sellers were frozen out of a market. "Since the early 1970's 'judicial decisions have established a virtual safe harbor for market foreclosure of 20% or less.'" ABA Antitrust Section, ANTITRUST LAW DEVELOPMENTS, at 223–23. Antitrust laws were enacted "for the protection of *competition,* not *competitors." Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 488, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977).(emphasis in original).

Plaintiff has not shown that either Defendant foreclosed him from a substantial share of the relevant market. Therefore, Defendants' Motions for Summary Judgment on this point are GRANTED.

## II. Arkansas Unfair Trade Practices Act (secret rebates)

■ The Court previously ruled that "Plaintiff's claim under Ark.Code Ann. § 4–75–208 is only cognizable to the extent that Plaintiff can prove secret payments are made to BHR acting as agent on behalf of Arkansas purchasers, or otherwise within 'the borders of Arkansas.'" *See* Doc. No. 31. Further, the Court ruled that "if Plaintiff were claiming that the 'secret' payments consisted entirely of the Program Management Commission set forth in the written agreement between BHR and LADD, then the claim should be dismissed...."

Defendants, in their motions for summary judgment, have presented testimony and evidence that the only "secret payment" to which Plaintiff can point is the Program Management Commission. Plaintiff presented no evidence of any other "secret payments" in his response.

Therefore, Defendants' motions for summary judgment on this point are GRANTED, and Count III of the Complaint is DISMISSED.

## III. Tortious Interference with Prospective Contractual Relationships

■ The elements of tortious interference with a contract under Arkansas law are as follows:

(1) [T]he existence of a valid contractual relationship of business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Mason v. Wal–Mart Stores, Inc.,* 333 Ark. 3, 10, 969 S.W.2d 160, 163 (1998).

■ Defendants LADD and BHR assert that Plaintiff has no evidence that they knew of Plaintiff's expectancy, that they intentionally interfered with that expectancy, or that Plaintiff suffered any damage.

In response to Defendant BHR's Motion for Summary Judgment, Plaintiff submitted a June 1998, letter from Gil Hardwick, a representative of BHR, to Harper Construction Company, one of Plaintiff's customers. Plaintiff argues that Mr. Hardwick disparaged Plaintiff's product by calling it "low end, dated Value Line casegoods package." Plaintiff argues this evidences BHR's interference with Plaintiff's customer relationship.

This letter, however, was written with regard to upgrading a Holiday Inn Express. Plaintiff's sales at Holiday Inn Expresses increased during the relevant time period. Plaintiff has only alleged a loss of sales to Holiday Inn hotels. Further,

Plaintiff admits that he was able to consummate this particular sale. Thus, the letter has little value.

Plaintiff admitted that he did not have any contracts with Holiday Inn franchisees that were breached. *See* Kidd Depo. at 525–26. Thus, his claim is essentially one for interference with *prospective* contractual relationships. However, Plaintiff's sales manager could not identify any situation where she solicited a sale and actually lost it because of BHR's actions. She also could not identify any instance when Value Line lost a sale due to allegedly disparaging remarks by BHR.

■ "It is elementary that some precise business expectancy or contractual relationship be obstructed...." *Country Corner Food & Drug, Inc. v. First State Bank,* 332 Ark. 645, 654, 966 S.W.2d 894, 898 (1998).

Plaintiff has provided an affidavit with a list of his closed orders and invoice amounts for the years 1996, 1997, 1998, and 1999, showing that his sales to Holiday Inn went down during 1998 and 1999 due to BHR's SRD plan. However, past business relationships with former customers is not "sufficiently certain, concrete and definite" to establish a cognizable prospective relationship. *See Shank v. William R. Hague, Inc.,* 192 F.3d 675, 689–90 (7th Cir.1999).[1]

■ Plaintiff has not identified a single sale that he lost due to BHR's SRD plan. "Conclusions without the necessary factual underpinnings to support them are not enough to state a cause of action." *Hunt v. Riley,* 322 Ark. 453, 459, 909 S.W.2d 329, 332 (1995). Plaintiff has not proven the existence of a valid contractual relationship of business expectancy.

Even if there were a valid expectancy, there is insufficient evidence in the record to show that Defendants BHR or LADD knew about the relationship. Defendant LADD provided testimony by Plaintiff Kidd where he said that LADD must have known about Plaintiff's relationships with Holiday Inn hotels because LADD knew that Value Line did a lot of business. Defendant LADD argues this bare speculation evidence is insufficient to show Defendant LADD "knew" of Plaintiff's expectancy. Plaintiff did not respond to Defendant LADD's assertions and presented no evidence of any knowledge on Defendant LADD's part.

Defendants' Motions for Summary Judgment on the issue of tortious interference with a business relationship are GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant LADD Furniture, Inc.'s Motion for Summary Judgment and Defendant Bass Hotels and Resorts, Inc.'s Motion for Summary Judgment, and Defendant Bass Hotels and Resorts, Inc.'s Motion to Supplement its Motion for Summary Judgment are GRANTED, and Plaintiff's case is DISMISSED.

---

**1.** The Seventh Circuit made its decision based on the factors set forth in the Restatement of Torts § 766B. The Arkansas Supreme Court followed the Restatement of Torts § 766B in *Mason v. Wal–Mart Stores, Inc.,* 333 Ark. 3, 11, 969 S.W.2d 160, 165 (1998).