Oscar STILLEY *v.* Margaret JAMES, Rick Grinnan,
Linda Varado, Alban Varado *v.* John Speed

01-88                                              60 S.W.3d 410

Supreme Court of Arkansas
Opinion delivered November 29, 2001

*Oscar Stilley*, for appellant.

*Cross, Gunter, Witherspoon, & Galchus, P.C.,* by: *Abraham W. Bogoslavsky*, for appellees.

RAY THORNTON, Justice. Appellant, Oscar Stilley, appeals the October 10, 2000, and October 31, 2000, orders of the Sebastian County Circuit Court, granting appellees, Margaret James, Rick Grinnan, Alban Varnado, and Linda Varnado ("appellees"), and separate appellee, John Speed ("separate appellee"), attorney's fees pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999). Appellant raises three points for reversal: (1) the trial court erred in granting judgment on the underlying claim because appellees were not properly prevailing parties, and, thus, the attorney's fees should be stricken; (2) the trial court erred in granting attorney's fees and costs without hearing, notice, or opportunity to defend, and before expiration of the time for response; and (3) the trial court erred in ruling that a purported third-party beneficiary to a claimed contract may recover attorney's fees under the statutory provision allowing attorney's fees in contract actions. We affirm.

On May 9, 2000, appellees specifically sought costs and attorney's fees in their complaint against appellant in the underlying indemnity-agreement case, and, on September 13, 2000, the circuit court ruled in favor of appellees on the merits. On October 5, 2000, appellees filed a motion for costs and attorney's fees as prevailing parties in the underlying case against appellant. On October 10, 2000, the circuit court granted appellees costs of $319.26, pursuant to the Arkansas Declaratory Judgment Act, which is codified at Ark. Code Ann. §§ 16-111-101—109 (1987), and attorney's fees in the amount of $5,182.00, pursuant to Ark. Code Ann. § 16-22-308. On October 11, 2000, after the circuit court had entered its order granting attorney's fees, appellant filed his response to the motion for costs and attorney's fees.

On June 7, 2000, separate appellee specifically sought costs and attorney's fees in his cross-complaint against appellant in the underlying indemnity-agreement case, and, on September 13, 2000, the circuit court ruled in favor of separate appellee on the merits. On October 31, 2000, separate appellee filed a motion for costs and attorneys fees as a prevailing party in the underlying case against appellant. On November 1, 2000, the circuit court granted costs of $322.80, pursuant to the Arkansas Declaratory Judgment Act, and attorney's fees in the amount of $3,357.00, pursuant to Ark. Code Ann. § 16-22-308.

On November 6, 2000, appellant filed an objection to the fees and to the process of granting fees. On November 27, 2000, the circuit court held a hearing to reconsider its order granting costs and attorney's fees to separate appellee and to consider appellant's objection to the fees. On November 30, 2000, the circuit court affirmed its order granting costs and attorney's fees. It is from these orders that appellant brings this appeal.

▪ It is well established that due to the trial judge's intimate acquaintance with the record and the quality of service rendered, we usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). Accordingly, an award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Id.* (citing *State Farm Fire & Cas. Co. v. Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988)).

▪ For his first point on appeal, appellant argues that if we were to decide the underlying indemnity-agreement appeal in his favor, appellees and separate appellee would no longer be prevailing parties, as required by Ark. Code Ann. § 16-22-308, and the fees granted by the circuit court should be stricken. We have held that one must prevail on the merits in order to be considered a prevailing party under Ark. Code Ann. § 16-22-308. *Burnette v. Perkins & Assoc.*, 343 Ark. 237, 33 S.W.3d 145 (2000).

▪ We have decided the underlying appeal involving the indemnity-agreement issue in favor of appellees. *See Stilley v. James*, 345 Ark. 362, 48 S.W.3d 521 (2001). Because appellees prevailed on the merits, they were clearly prevailing parties under Ark. Code Ann. § 16-22-308. Accordingly, this argument is wholly without merit.

For his second point on appeal, appellant argues that the trial court erred in granting attorney's fees and costs to appellees and separate appellee without a hearing, notice, or opportunity to defend, and before expiration of the time for response, and, in so doing, failed to afford him due process.[1] Appellant further argues that by granting the motions for attorney's fees without providing him notice, a hearing, or an opportunity to defend, and before expiration of the time for response, the circuit court failed to conduct itself impartially. We disagree and affirm.

■ Our general rule relating to attorney's fees is well established. Attorney's fees are not allowed except when expressly provided for by statute. *Chrisco, supra* (citing *Damron v. University Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988)). Ark. Code Ann. 16-22-308 addresses attorney's fees in certain civil actions and provides in pertinent part as follows:

> In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party *may* be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

*Id.* (emphasis added). The word "may" is usually employed as implying permissive or discretionary, rather than mandatory, action or conduct and is construed in a permissive sense unless necessary to give effect to an intent to which it is used. *Chrisco, supra* (citing *Dunn v. Dunn*, 222 Ark. 85, 257 S.W.2d 283 (1953)).

■ ■ In the present case, we cannot say that the circuit court violated appellant's due process rights when it granted the motions for attorney's fees. We note that both appellees and separate appellee asked for attorney's fees in their respective pleadings in the

---

[1] Appellant does not argue that Ark. R. Civ. P. 54(e) and Ark. R. Civ. P. 78(b) & (c) are applicable to the question whether a hearing, notice, or an opportunity to defend was required before the circuit court addressed appellees' and separate appellee's motions for costs and attorney's fees. With reference to that issue, we note that Ark. R. Civ. P. 54(e)(3) provides, in pertinent part:

> (3) *On request of a party* or class member, the court shall afford an opportunity for adverse submissions with respect to the motion in accordance with Rule 43(c) or Rule 78.

*Id.* (emphasis added).

Here, appellant failed to request an opportunity to file a response, or to request a hearing, but the trial court, by its own action, afforded appellant such an opportunity when it held a hearing on November 27, 2000. *See infra.*

underlying circuit court action. It appears from the statute that the trial court could have made a determination regarding attorney's fees at any time subsequent to its September 13, 2000, ruling on the indemnity agreement in favor of appellees and separate appellee. While the circuit court granted appellees' motions for attorney's fees five days after they filed their motion for attorney's fees and one day after separate appellee filed his motion for attorney's fees, and prior to any response by appellant, we note that under Ark. Code Ann. § 16-22-308, the circuit court may assess reasonable attorney's fees in a contract action to a prevailing party, which both appellees and separate appellee clearly were. Appellant has not cited any persuasive authority[2] that the trial court was required to permit appellant to respond to the motion prior to the court's decision to award attorney's fees. We have stated on many occasions that we will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument, and it is otherwise not apparent without further research that the argument is well taken. *Maddox v. City of Fort Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001) (citing *Ouachita Trek Dev. Co. v. Rowe*, 341 Ark. 456, 17 S.W.3d 491 (2000); *Matthews v. Jefferson Hospital Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000)). Because appellant was aware that attorney's fees had been requested from the time of the commencement of the underlying indemnity-agreement action, we cannot say that appellant did not have notice or an opportunity to request time to file a response or to seek a hearing.

■■ We further note that the circuit court, by its own action, scheduled a hearing, which was held on November 27, 2000, to

---

[2] Appellant has failed to cite any persuasive authority to support his position. Appellant relies on Ark. R. Civ. P. 12(i) for the proposition that he was entitled to an opportunity to respond to the motion for attorney's fees. Rule 12(i) provides, in pertinent part:

> Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings.
>
> \* \* \*
>
> (i) Responses to Motions. If a party opposes a motion made under this or any other rule, he shall file his responses, including a brief in support, within ten (10) days after service of the motion upon him.

*Id.* By reading this rule in context, it is clear that this section is applicable only with respect to motions for judgment on the pleadings — not motions for attorney's fees. In addition, appellant's reliance upon *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Washington v. Thompson*, 339 Ark. 417 (1999), for the principle that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner, is misplaced. Because appellant was aware that attorney's fees had been requested from the time of the commencement of the underlying indemnity-agreement action, he was clearly afforded the opportunity to be heard at a meaningful time and in a meaningful manner.

permit appellant to voice his objections to the award of costs and attorney's fees. The circuit court heard appellant's objections to the fee granting process, as well as his further argument that the circuit court erred in concluding that appellant was liable for damages on the underlying indemnity agreement, and affirmed its decision to grant the motions. Therefore, we conclude that the circuit court did not violate appellant's due process rights by granting the motions for attorney's fees without a response or a hearing. Appellant also argues that the circuit court was biased and abused its discretion. In light of the foregoing analysis, and based upon our standard of review, we cannot say that the circuit court failed to act impartially or abused its discretion in granting the motions for attorney's fees.

For his final argument on appeal, appellant argues that the trial court erred in ruling that appellees, as third-party beneficiaries to the indemnity agreement in the underlying case, may recover attorney's fees under Ark. Code Ann. § 16-22-308, which permits the trial court to grant attorney's fees to the prevailing party in contract actions. We disagree.

We have expressly held that third-party beneficiaries are entitled to recover attorney's fees under Ark. Code Ann. § 16-22-308. For example, in *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 902 S.W.2d 760 (1995), we stated:

> A party may recover for damages from breach of contract when that party is a third-party beneficiary of the contract. *Howell v. Worth James Constr. Co.*, 259 Ark. 627, 535 S.W.2d 826 (1976). It follows that a third-party beneficiary may recover attorney's fees under the statute that allows such fees for breach of contract.

*Little Rock Wastewater, supra.*

Similarly, in the present case, because appellees were third-party beneficiaries to the indemnity agreement,[3] they may

---

[3] *See Stilley, supra*, where we expressly held that appellees are third-party beneficiaries to the indemnity agreement because, pursuant to Ark. Code Ann. § 16-111-104 (1987), they are "interested parties" whose "rights, status, and other legal relations are affected by a contract." *Stilley, supra*. We further held that appellees are third-party beneficiaries to the indemnity agreement because Arkansas law is clear that "a contract made for the benefit of a third party is actionable by such third party," and the indemnity agreement was made for the benefit of appellees because it provided that appellant would pay money to appellees if they obtained a judgment against separate appellee. *See id.*

recover attorney's fees under Ark. Code Ann. § 16-22-308. Therefore, appellant's argument is meritless, and we affirm on this point as well.

Finding no reversible error, we affirm.