In custody matters, this court considers the evidence de novo and does not reverse unless the circuit court's findings of fact are clearly erroneous.[4] A finding is clearly erroneous when, although there is evidence to support it, the court is left with a definite and firm conviction that the circuit court made a mistake.[5] Because the question of whether the circuit court's findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the trial judge to evaluate the witnesses, their testimony, and the child's best interest.[6] The supreme court has held that there is no other case in which the superior position, ability, and opportunity of the trial court to observe the parties carries a greater weight than one involving the custody of minor children.[7] The best interest of the children is the polestar in every child-custody case; all other considerations are secondary.[8]
Appellant's first two arguments warrant being addressed together as appellant argues that a complete review of the evidence does not support the circuit court's findings in support of its award of custody to appellee. In support of her contention that the circuit court erred in its best-interest determination awarding custody to appellee, she analyzes a list of *624 factors that she asserts support awarding custody of the children to her and then supports her analyses with certain witness testimony. Appellant essentially asks this court to reweight the evidence, which it cannot do. Credibility determinations are left to the trial court.[9]
Appellant's third argument is that the circuit court erred by refusing to consider joint custody. We disagree. Although our legislature has amended Arkansas Code Annotated section 9-13-101 to state that an award of joint custody is favored in Arkansas, joint custody is by no means mandatory.[10] Furthermore, a failure by the circuit court to award joint custody does not mean that the circuit court failed to consider awarding the same. The circuit court expressly stated from the bench that both parties were good parents, but that it would not award joint custody where the parties were not agreeable to a joint-custody arrangement. It went on to state that both parties had declined to entertain joint custody when asked by the circuit court. Accordingly, the circuit court clearly considered awarding joint custody, but appellant's own unwillingness to consider the same was a contributing factor to the circuit court's decision not to award joint custody. A person cannot complain of an alleged erroneous action of the circuit court if she induced such action.[11]
Because appellant's fourth and fifth arguments regarding child support and attorney's fees and costs were put forth by appellant in the event that this court reversed the circuit court's award of custody to appellee-and we decline to do so-we do not address said arguments.
Affirmed.
Gladwin and Whiteaker, JJ., agree.

Burr v. Burr , 2015 Ark. App. 640, at 6, 476 S.W.3d 195, 198 (citing Chaffin v. Chaffin , 2011 Ark. App. 293, 2011 WL 1496000 ).

Id.

Grantham v. Lucas , 2011 Ark. App. 491, at 4, 385 S.W.3d 337, 340 (citing Sharp v. Keeler , 99 Ark.App. 42, 44, 256 S.W.3d 528, 529 (2007) ).

Fox v. Fox , 2015 Ark. App. 367, at 6, 465 S.W.3d 18, 22 (citing Taylor v. Taylor , 345 Ark. 300, 47 S.W.3d 222 (2001) ).

Id.

Newman v. Ark. Dep't of Human Servs. , 2016 Ark. App. 207, at 13, 489 S.W.3d 186, 194 (citing Ford v. Ark. Dep't of Human Servs. , 2014 Ark. App. 226, at 2, 434 S.W.3d 378, 380, 381 ).

Louton v. Dulaney , 2017 Ark. App. 222, at 9, 519 S.W.3d 367, 373 (citing Ark. Code Ann. § 9-13-101 (a)(1)(A)(iii) (Repl. 2015).

Id. at 11, 519 S.W.3d at 374 (citing Clark v. Ark. Dep't of Human Servs. , 2016 Ark. App. 286, 493 S.W.3d 782 ).