BRANDON J. HARRISON, Judge
As recited more fully in a companion case to this appeal, Hargis v. Hargis , 2018 Ark. App. 469, 561 S.W.3d 336, the circuit court entered an order in February 2017 and decided a dispute, which Colonel Allen Hargis filed, over how much military-retirement *569 money Lynn Hargis was entitled to receive from the property-settlement agreement the divorcing couple signed in 2009. A separate and subsequent order awarding Col. Hargis $18,000+ in attorney's fees against Ms. Hargis was entered. This appeal addresses the circuit court's decision to make Ms. Hargis pay Col. Hargis's attorney's fees. And the narrow issue presented-as we have framed it-is whether Ms. Hargis was denied a sufficient opportunity under the rules of civil procedure to oppose the fee request before the circuit court decided it. The answer is yes.
I.
In March 2017, Col. Hargis timely moved for attorney's fees pursuant to Arkansas Rule of Civil Procedure 54(e)(2) and Ark. Code Ann. § 16-22-308.[1] Attached to the colonel's motion was an affidavit from his attorney that detailed $18,325 in attorney's fees. Col. Hargis had also hired Col. Mark Sullivan to testify as an expert on military-retirement law during the main dispute over the parties' property-settlement agreement. (For more of that history the reader must turn to the companion case.) Suffice it to say that Col. Sullivan charged $15,871.20 for his services as a testifying expert witness.
Ms. Hargis timely opposed the motion. She argued, among other things, that the statute did not apply to a domestic-relations case and that Col. Hargis's "financial abilities" "far exceed[ed]" hers. She asked the court to either deny the motion outright or set a hearing so she could develop the parties' respective financial pictures and abilities to pay fees.
On April 27, the court ordered Ms. Hargis to pay Col. Hargis's attorney's fees (minus an offset) but disallowed the expert fee:
1. Allen Hargis is the prevailing party in an action based in contract to enforce a Property Settlement Agreement. He is also the prevailing party on Defendant's Counter-Motion to "interpret" a contract.
2. Ark. Code Ann. § 16-22-308 allows the trial court to award attorney fees to the prevailing party in contract actions. ARCP rule 54 provides that a demand for attorney fees be made by Motion.
....
4. [Col. Hargis] is awarded attorney fees incurred with Lance B. Garner in the amount of $18,325.00. This judgment is offset against the $5,210.55 awarded to [Lynn Hargis] previously for past COBRA payments. The balance due and owing to [Col. Hargis] is $13,114.45 with post-judgment interest[.]
After the order was entered, Ms. Hargis moved "for relief pursuant to Ark. R. Civ. P. 59," extended her time to appeal the fee order under Ark. R. App. P.-Civ. 4(a)-(b) (2017), and argued that she had a due-process right to appear and oppose Col. Hargis's motion for fees. The motion was deemed denied in the circuit court. Ms. Hargis timely appealed the proper orders.
In this court, Ms. Hargis presses that the circuit court was required to hold a hearing on Col. Hargis's motion so she could present evidence of the parties' relative "financial abilities." Being denied that opportunity, she says, was a procedural *570 due-process violation under the Fourteenth Amendment to the United States Constitution.
II.
Several legal overtones resonate in this case, but for simplicity's sake we focus on the one best tuned to a civil case involving a routine request for attorney's fees: the rules of civil procedure. They amply embody and advance, for this case's purposes, the basic tenet that a party must be sufficiently heard in opposition to an adversary's attorney-fee request before an award issues. This court avoids climbing a constitutional mountain if it can traverse a procedural hill instead.
Turning to Rule 54, which Col. Hargis himself invoked to seek fees, subsection (e)(3) states that if a party asks, then a circuit court "shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule 43(c) or Rule 78" after a request for attorney's fees has been made. Ark. R. Civ. P. 54(e)(3) (2017). Shall almost universally means must in legal parlance. Prescott Sch. Dist. v. Steed , 2018 Ark. App. 424, at 2, 559 S.W.3d 759 ("The word 'shall' when used in our rules of civil procedure is construed to mean that compliance is mandatory."). We have no reason to deviate from the common understanding.[2] Given that Col. Hargis moved for fees, and Ms. Hargis asked that she be allowed to present opposing evidence, the circuit court was required to permit "an opportunity for [an] adversary submission[ ]".
What does that phrase mean for Rule 54 purposes? Rule 43(c) tells us that when a motion is based on facts that are not of record, then the court may receive affidavits or direct that it will decide the matter on oral testimony or deposition. Ark. R. Civ. P. 43(c) (2017);[3] see also Ark. R. Civ. P. 78(c) (2017) ("Unless a hearing is requested by counsel or is ordered by the court, a hearing will be deemed waived[.]"). So Rule 54(e)(3)'s phrase "an opportunity for adversary submissions" ties to Rule 43(c)'s declaration that, when a motion is based on facts, then the circuit court must receive (1) affidavits that the parties submit, (2) deposition testimony, or (3) oral testimony.
Paper or people. Those are the options. The circuit court may suggest that the parties pursue one option over another. The court, in our view, could order one option over another, assuming a party's evidentiary submission was not unduly limited or curtailed by the choice. For example, a circuit court might prefer "paper" evidence by way of affidavits or a deposition transcript instead of receiving live-witness testimony under Rule 43(c)'s "oral testimony" option. Which avenue is best calibrated to do the most good, in the most *571 timely and efficient manner for all involved, is the circuit court's ultimate decision to make. An important threshold question is whether the motion is predicated on facts that need to be placed in the record for the first time or whether the record needs further development before the motion can be fairly decided. A motion for attorney's fees is one based in facts; and Ms. Hargis's timely plea that she be allowed to present evidence on the parties' relative financial positions and abilities to pay fees is likewise a fact-based point.
Our dissenting colleagues suggest that "we may presume that the trial court found the relative financial abilities of the parties to be far outweighed by the other Chrisco factors, rendering the taking of evidence on this factor unnecessary." But why make that crucial presumption? Nowhere did the circuit court's order recite that it considered any factors discussed in Chrisco v. Sun Industries, Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). Applying the suggested presumption would only inject guesswork into the key issue on appeal. We know from the companion case's record ( Hargis v. Hargis , 2018 Ark. App. 469, 561 S.W.3d 336 ) that the circuit court only decided a narrow contract-interpretation dispute over a nearly decade-old property-settlement agreement. It was not the initial divorce case. When the court decided the contract dispute it had, at best, a limited and potentially quite uncertain picture of the parties' financial situations since they divorced. In other words, the parties did not develop and present a comprehensive evidentiary case to the circuit court regarding their respective financial positions in either the companion case or this one. Because nothing can be reliably gleaned about either Col. Hargis's or Ms. Hargis's actual and current financial positions-from any record that was before the circuit court and is now before us-the dissenting opinion must necessarily suggest that we presume potentially important, but as yet unknown, facts. We respectfully decline to do so.
Regarding the minimum of process owed to a party who opposes a fee request, we find some guidance from our supreme court in Stilley v. James , 347 Ark. 74, 60 S.W.3d 410 (2001). There the circuit court, without a hearing, notice, or an opportunity to defend, and before the time to respond to the motion had expired, granted attorney's fees to a prevailing party in a contract case. The losing party argued that his due-process rights were violated when the court granted the motions absent a written response or a hearing. Id. at 79-80, 60 S.W.3d at 414. The supreme court affirmed. The critical point for this case's purpose is that, in Stilley , the circuit court held another hearing after the fee motion had been filed and allowed, at that time, the appellant to object to the award of costs and attorney's fees. In other words, although a "separate" hearing on the fees issue was not held, the party opposing the request was permitted to argue his case during a hearing.
Ms. Hargis received less. She was, however, entitled to more given her timely request; but not an "exhaustive" amount more. See Collins v. Collins , 2015 Ark. App. 526, at 3. Having pulled at the thread of how much is enough, we should emphasize that the Rule of Reason is the parties' guide here. The evidence parties should expect a circuit court to receive (in either written or oral form) will, naturally, depend on the complexity of the parties' case for fees, the particular points to be made, the amount and sort of relevant information already in the record (if any), what the applicable law requires the court to consider, and last but by no means least-the circuit court's preferences given the circumstances and its calendar. We *572 therefore make no attempt to prescribe any formulae for calculating an answer to the "how much is enough process" query. Parties should simply confine their fee-related disputes to presenting all the information necessary to make their arguments well enough and clearly enough. Nothing less, nothing more.
When Ms. Hargis requested a hearing, she triggered one of the two primary options available to her under Rules 54(e), 43(c), and 78(c). Consequently, she should have been permitted to pursue her preferred "oral testimony" option, unless the circuit court ordered her to present evidence in an acceptable written form like affidavits. But Ms. Hargis was not directed away from an oral evidentiary submission and toward a written evidentiary submission, and a substantial attorney-fee award was entered against her in the meantime.
III.
We hold that, pursuant to the Arkansas Rules of Civil Procedure, Ms. Hargis should have received a more fulsome opportunity to be heard in opposition to Col. Hargis's motion for attorney's fees and costs. Consequently, the circuit court's order dated 27 April 2017 is reversed and the case remanded for proceedings consistent with this opinion.
Reversed and remanded.
Abramson, Virden, Murphy, JJ., agree.
Gladwin and Klappenbach, JJ., dissent.

Whether this case is best characterized as a contract case at law, or one in which the parties sought to enforce in equity an agreement intimately tethered to their divorce, has significant and varied implications at many levels. The record vacillates on the characterization point, and the legal authorities urged and arguments made have further complicated the issue. These are two reasons why we have focused on the rules of civil procedure at this time.

Black's Law Dictionary (10th ed. 2014) (bold original): shallvb. (bef. 12c) 1. Has a duty to; more broadly, is required to < the requester shall send notice> < notice shall be sent>. • This is the mandatory sense that drafters typically intend and that courts typically uphold. 2. Should (as often interpreted by courts) < all claimants shall request mediation>. 3. May < no person shall enter the building without first signing the roster>. • When a negative word such as not or no precedes shall (as in the example in angle brackets), the word shall often means may. What is being negated is permission, not a requirement. 4. Will (as a future-tense verb) < the corporation shall then have a period of 30 days to object>. 5. Is entitled to < the secretary shall be reimbursed for all expenses>. • Only sense 1 is acceptable under strict standards of drafting.

Verbatim, the rule states, "When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition." Ark. R. Civ. P. 43(c).