Brandon J. Harrison, Judge, dissenting.
*503 [A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles. Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike.[1]
What legal principles inform a circuit court's decision to award an attorney fee in a child-custody and paternity case when each party has a legitimate claim against the other for a potential fee award? And if one or more of the principles can be identified, should a circuit court be required to minimally explain why it has chosen to award a fee to one party over the other? If not, how can this court ensure that like cases will be decided alike? This case raises these important questions, ones not often asked and answered.
I and three colleagues conclude that a circuit court should state the reason why it has ordered one party to pay another party thousands of dollars in attorney fees. This court has helped create the problem that exists, which is that circuit courts are not required to provide even a minimal amount of reasoning behind an attorney-fee assessment. We should therefore lead the effort to correct a deficiency that has crept into this area of judge-made law. The majority has passed on an opportunity for correction; but the better course is to reverse the award and remand the issue to the circuit court. If that court makes the same decision on remand, then it can explain why it assessed Brandi's fee against Jason. Ditto if the opposite result issues, or if no fee is awarded at all on remand and a party appeals. In any event, we would review the circuit court's reasoning and ultimate decision under the abuse-of-discretion standard.
Since his son's birth in 2010 until the unmarried couple's ultimate separation in January 2016, Jason had frequent and meaningful time with his son and Brandi. Even after the couple's separation, visitation worked out relatively well for some six months, until the summer of 2016. That is when Brandi stopped allowing Jason to see, and perhaps even telephone, his son. The block occurred when Brandi learned that Jason had a sexual relationship with Brandi's best friend. After not seeing his son for what appears to be at least several weeks, Jason's "only remedy" was to file a paternity case in which he sought joint custody and visitation. In Jason's view, had Brandi continued to allow visitation then he would not have had to file his petition, and she would not have accrued more than $ 8,000 in attorney fees.
Brandi defeated Jason's claim to modify custody and successfully defended against his attempt to dismiss her counterclaim for child support. The court entered a $ 4,320 judgment against Jason for retroactive child support and ordered him to pay $ 90 per week in support. Jason's child-support obligation was tied to his paternity case, which he initiated.
In the end, each party asked the circuit court to assess his or her attorney fee against the other. The bills were virtually equal: Jason was charged $ 8,065, Brandi $ 8,965. Without explanation, the circuit court ordered Jason to pay Brandi's attorney fees. Jason challenged the decision. He doesn't argue that the amount charged to Brandi by her own lawyer was unreasonable-that would implicate the factorial analysis of *504 Chrisco v. Sun Industries, Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). Jason's complaint is more fundamental: he claims the circuit court abused its discretion by ordering him to pay Brandi's attorney fee given that he essentially had to sue to regain access to his son.
Statutes permitted the circuit court to award an attorney fee in this case, to either Brandi or Jason. For example, Ark. Code Ann. § 9-10-109(a)(1)(A) (Repl. 2015) authorizes, but does not require, a court to award an attorney fee in a paternity action. See Davis v. Williamson , 359 Ark. 33, 194 S.W.3d 197 (2004) (fee denied); see also Ark. Code Ann. § 9-27-342(d) (Repl. 2015). Arkansas Code Annotated § 9-14-233 (Repl. 2015) permits a fee award in a successful child-support-enforcement claim. So each party in this case had a statutory basis to request attorney fees.
Our principal point is straightforward: a court's decision to exercise its discretionary authority to order a party to pay the other party's attorney fee is not the same as explaining why the court ordered it done. (Flip the coin; had Brandi been ordered to pay Jason's fee and appealed, we'd be asking the same essential questions.)
Requiring circuit courts to briefly explain their reasoning behind a fee award should not be controversial. Three core and salutary consequences result. First, every party has a right to know why he or she is being ordered to pay someone else's attorney fee. Transparency is a hallmark of Arkansas's judicial system. Second, a person needs to know why he or she is being assessed someone else's attorney fee so a record for reversal or modification can be clearly made contemporaneous with the adverse ruling. A party can't pointedly object to a ratio decidendi that operates in silence. Finally, this court can more properly fulfill its role as an appellate tribunal when it has an express ruling to evaluate; otherwise we're left searching for a reason to uphold, reverse, or perhaps modify the circuit court's decision.
Our colleagues had to review the record anew and decide-for the first time ever in the case-that Jason should pay Brandi's fee because it is "abundantly clear that Brandi prevailed in all meaningful ways in this litigation." The circuit court made no such statement. This court has supplied its own reason to affirm; and it did so on a record that contains little information about the parties' incomes, their assets, their ability to pay an $ 8,000 attorney fee, and in the absence of any contempt.
The majority invokes Arkansas Rule of Civil Procedure 52(a) as authority for why factual findings are "unnecessary." This point arguably stems from Tiner v. Tiner , 2012 Ark. App. 483, 422 S.W.3d 178, which states that requiring circuit courts to explain why an attorney-fee award has issued will gum up the works. "As a practical matter, this court would impose a considerable burden on the circuit court if we required that specific findings be made when awarding attorney's fees, given the myriad of factors to be considered." Id. at 15, 422 S.W.3d at 186-87. We respectfully disagree. Tiner 's statement, well-intentioned though it was, should be jettisoned for a more transparent, party-centered approach. See, e.g. , Stilley v. Fort Smith Sch. Dist. , 367 Ark. 193, 238 S.W.3d 902 (2006) (the "better practice" is for a circuit court to explain its decision).
One, two, or three well-crafted sentences by a lawyer in a proposed precedent should nearly always suffice to communicate what is needed in this context.
The court may ask the party prevailing on a motion to draft an order. This practice is longstanding in Arkansas. As the Supreme Court has observed, '[i]t is customary for trial judges to rely upon the members of the bar to prepare judgments, *505 orders and decrees in accordance with the court's instructions. Opposing counsel should be given the opportunity to review the document before it is presented to the court.'
David Newbern, John J. Watkins & D.P. Marshall Jr., 2 Arkansas Practice Series: Civil Practice & Procedure § 20:2, at 446 (5th ed. 2010) (internal citations omitted).
Many judges, of course, will take up their own pens or turn to the keyboards and explain why one party must pay another's attorney fee. The focus should return to the parties, so they may receive a reason for the decision. Why a court has acted is as important that it has acted. In the long run, the administration of justice is better served if everyone knows why one person is having to pay another person's attorney fee, especially given the increasing amounts we are continually seeing in this state. See, e.g. , Hargis v. Hargis , 2018 Ark. App. 490, 563 S.W.3d 568 ($ 18,000 attorney fee awarded to the ex-husband).
And if, in Tiner 's words, "a myriad of facts" exist that could support an attorney-fee award in the family-law context, then that specter increases, not decreases, the need for a transparent explication. To the extent Tiner holds or implies otherwise, it should be overruled.
* * *
The attorney-fee award in this case should be reversed and remanded to the circuit court so that it can expressly state a reason for any related decision it makes on remand. If a party appeals, then any reason provided would be reviewed under the abuse-of-discretion standard, as has long been the case and which no one seeks to change. But this court should not itself supply the reason (and a debatable one at that) to affirm a substantial fee award against a parent.
Abramson, Virden, and Hixson, JJ., join.

See Foster v. Foster , 2016 Ark. 456, 506 S.W.3d 808 ; Wilhelm v. Wilhelm , 2018 Ark. App. 47, 539 S.W.3d 619 ; Goodson v. Bennett , 2018 Ark. App. 444, 562 S.W.3d 847 ; and Wyatt v. Wyatt , 2018 Ark. App. 177, 545 S.W.3d 796, respectively.