Cite as 2019 Ark. 321

# SUPREME COURT OF ARKANSAS

No. CV-18-912

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 7, 2019 |
| LYNN B. HARGIS | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-07-621-III] |
| V. | | |
| ALLEN HARGIS | APPELLEE | HONORABLE THOMAS LYNN WILLIAMS, JUDGE |
| | | AFFIRMED; COURT OF APPEALS OPINION VACATED. |

**SHAWN A. WOMACK, Associate Justice**

This case arises out of a long-running dispute between Allen and Lynn Hargis over the division of Allen's military retirement account following their divorce. After resolving the dispute, the circuit court awarded attorney's fees to Allen. Lynn contends the circuit court should have conducted a hearing on the parties' respective financial abilities prior to ordering attorney's fees. Its failure to do so, she claims, infringed upon her right to procedural due process under the Fourteenth Amendment. We disagree.

I.

Because this appeal stems from an award of attorney's fees, we summarize the facts and procedural history only to the extent necessary to understand this case. In 2009, Allen and Lynn Hargis divorced after twenty-seven years of marriage. Under their property

settlement agreement, Lynn would receive half of Allen's military retirement account, as of the date of the divorce. Four months before his April 2014 retirement, Allen presented Lynn with a proposed order effecting the division of his expected monthly retirement benefit valued at the date of divorce. She refused to sign it. Lynn insisted she was entitled to a full half of the pay, including the portion earned in the five years after the divorce.

Allen consequently moved to enforce the property settlement agreement. He included a request for attorney's fees in the motion. Lynn countered with a motion requesting the full half of Allen's retirement pay. She later included a request for reimbursement of insurance premiums under the settlement agreement. Two years of discovery and motions practice followed. In November 2016, a hearing was held on the motion to enforce and Lynn's counter motions. Allen presented expert testimony on military retirement law. The expert explained that, under his calculations, Lynn was entitled to 37.5% of Allen's monthly retirement pay.

The next month, the court issued a letter opinion granting Allen's motion to enforce and adopting his expert's calculations. It held that Allen was entitled to fees and costs for the filing and prosecution of the motion. The court noted Allen had overpaid Lynn by $4,775.73. Because he had not sought relief on overpayment, the court declined to grant judgment setting off that amount. Lynn was granted $5,210.55 for reimbursement of insurance premiums. The court instructed Allen to prepare a precedent order that included a blank line for attorney's fees and costs.

2

On February 23, 2017, the court entered an order reflecting its earlier findings.[1] The formal order reiterated that Allen was entitled to attorney's fees and costs. It stated he could petition the court with proof of the amount sought. Allen timely moved for attorney's fees seeking, as relevant here, an amount of $18,325.00. He supplied an affidavit from his attorney and documentation explaining the amount. Lynn objected. She alleged, among other things, that Allen's financial abilities far exceeded her own and requested a hearing and discovery on that issue. She did not submit an affidavit or any other documentation to support her otherwise conclusory assertions.

Sixteen days after Lynn's response, the circuit court issued a letter opinion awarding Allen with $18,325.00 in attorney's fees. The award was offset against the $5,210.55 awarded to Lynn for reimbursement of insurance premiums. A formal order followed three weeks later. Lynn subsequently filed a "Motion for Relief" under Arkansas Rule of Civil Procedure 59(a)(1). Because the court did not conduct a hearing on the parties' relative financial abilities, Lynn argued that she was not accorded procedural due process under the Fourteenth Amendment. The motion was deemed denied. This appeal followed.

This matter was initially considered by the Court of Appeals. A divided panel determined that Lynn was not given an adequate opportunity to be heard under the

---

[1]Lynn separately appealed this order. The Court of Appeals affirmed the circuit court's interpretation of the property settlement agreement. *See Hargis v. Hargis*, 2018 Ark. App. 469, 561 S.W.3d 336.

Arkansas Rules of Civil Procedure. *Hargis v. Hargis*, 2018 Ark. App. 490, 563 S.W.3d 568. Lynn's argument on appeal, however, is limited to the procedural due process claim raised below. We granted Allen's petition for review and now consider this case as though it was originally filed in this court. *See McKay v. McKay*, 340 Ark. 171, 176, 8 S.W.3d 525, 528 (2000).

II.

It is well settled that the circuit court has the inherent power to award attorney's fees in domestic relations proceedings. *See Artman v. Hoy*, 370 Ark. 131, 137, 257 S.W.3d 864, 869 (2007). We have generally recognized the circuit court's superior perspective in determining whether to award attorney's fees due to its intimate acquaintance with the record and the quality of services rendered. *See Foster v. Foster*, 2016 Ark. 456, at 16-17, 506 S.W.3d 808, 818. The decision to award attorney's fees is accordingly a matter within the circuit court's discretion. *See Baber v. Baber*, 2011 Ark. 40, at 16, 378 S.W.3d 699, 708. Absent a clear abuse of that discretion, an award of attorney's fees will not be disturbed on appeal. *Id.* Discretion is abused when it is exercised improvidently, thoughtlessly, and without due consideration. *See Stephens Production Co. v. Mainer*, 2019 Ark. 118, at 5, 571 S.W.3d 905, 908.

Lynn's challenge to the award of attorney's fees is premised solely on her assertion that procedural due process mandates an evidentiary hearing on the parties' relative financial abilities. Due process at its core requires notice and an opportunity to be heard before governmental deprivation of a property interest. *See Parker v. BancorpSouth Bank,*

4

369 Ark. 300, 307, 253 S.W.3d 918, 923 (2007). Due process is a flexible concept, requiring only "such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Indeed, "it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." *Id.* Required procedures may vary depending on the interest at stake, but "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).

Lynn's due process challenge is limited to the hearing requirement. Due process requires an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken[.]" *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985). An evidentiary hearing, however, "is neither a required, nor even the most effective, method of decision-making in all circumstances." *Mathews*, 424 U.S. at 348. Lynn does not cite to a single case supporting her assertion that due process mandates an evidentiary hearing on attorney's fees. In fact, several federal appellate courts have determined that procedural due process under the Fourteenth Amendment does not generally require such a hearing in light of the trial court's broad discretion in awarding fees. *See, e.g., Gulf Union Indus., Inc. v. Formation Sec., Inc.*, 842 F.2d 762, 767-68 (5th Cir. 1988); *In re Thirteen Appeals*, 56 F.3d 295, 301-02 (1st Cir. 1995); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303-04 (11th Cir. 1988); *Sheets v. Salt Lake County*, 45 F.3d

5

1383, 1391 (10th Cir. 1995). The circuit court was clearly not obligated to conduct the requested evidentiary hearing under the Fourteenth Amendment.

The record belies any contention that Lynn was denied an opportunity to be heard on Allen's motion for attorney's fees. Lynn first discovered that the circuit court believed that Allen was entitled to attorney's fees in the court's December 2016 letter opinion. But she did not mount any challenge to that decision. She likewise remained silent on the issue of attorney's fees when the circuit court reiterated its holding in the formal order entered in February 2017. She only responded after Allen moved for attorney's fees in March 2017. Even still, Lynn had ample opportunity to submit evidence on the relative financial abilities of the parties. At minimum, she could have presented an affidavit demonstrating her financial condition in her motion opposing the attorney's fees and brief in support. Yet, she offered nothing more than conclusory assertions. She merely restated her unsupported allegations in the "Motion for Relief" filed after the formal order awarding attorney's fees was entered. The opportunity to be heard was presented. Lynn simply declined to take full advantage of it.

Moreover, we have held that a hearing on the amount of attorney's fees is not required in domestic relations proceedings because the judge has presided over the proceedings and was familiar with the case and the quality of services rendered. *See Lytle v. Lytle*, 266 Ark. 124, 139-40, 583 S.W.2d 1, 9 (1979) (citing *Pitcher v. Baltz*, 242 Ark. 625, 414 S.W.2d 859 (1967)). This determination is consistent with our recognition of the circuit court's inherent power to award attorney's fees in domestic relations cases. *See*

*Artman*, 370 Ark. at 137, 257 S.W.3d at 869. And it applies here. The record reveals the same judge has presided over this case since before the divorce decree was issued in 2009. On that basis, a hearing was not required.

Even assuming a hearing was conducted on the alleged disparity of incomes, that factor standing alone cannot justify an award of attorney's fees. *See Davis v. Williamson*, 359 Ark. 33, 46, 194 S.W.3d 197, 205 (2004). But Lynn's only challenge to the circuit court's order awarding attorney's fees to Allen is premised on their allegedly disparate incomes. We cannot say that the circuit court's refusal to conduct a hearing based on that factor alone is an abuse of discretion.

Affirmed; Court of Appeals Opinion Vacated.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The Arkansas Court of Appeals got it exactly right, and I see no reason to disturb that conclusion on review.

The simple substance of appellant's argument is that she was wrongfully denied an opportunity to present evidence in opposition to appellee's Rule 54 motion for attorney's fees, even though appellant requested the opportunity to do so. Appellant is correct. "On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to [the motion for attorney's fees] in accordance with Rule 43(c)

or Rule 78." Ark. R. Civ. P. 54(e)(3). This plainly applicable authority should control the outcome of this matter. While it is true that the arguments advanced by appellant in opposition to the fee request sound in due process, Rule 54 is nonetheless central to any assessment of this matter. The attorney's fees at issue here were sought and obtained by appellee pursuant to Rule 54, the same authority affording appellant the opportunity for adverse submissions upon request. Instead of reading Rule 54 with one eye closed, we should just reverse and remand with instructions that the circuit court afford appellant an opportunity to present adverse submissions.

I dissent.

*Tripcony, May & Associates*, by: *James L. Tripcony*, for appellant.

*Taylor and Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.