Cite as 2020 Ark. App. 545

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-940

| | |
|---|---|
| JOHN DILLON BROOKS | **Opinion Delivered** December 2, 2020 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-16-1160] |
| V. | |
| KRISTI A. BROOKS (NOW MASSEY) | HONORABLE ROBERT HERZFELD, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant John Dillon Brooks and appellee Kristi A. Brooks (now Massey) were divorced by a decree that awarded them joint legal and physical custody of their children. In January 2019, John filed a motion for contempt and for a change of custody, both of which Kristi resisted. At the conclusion of a hearing in August 2019, the circuit court denied both the motion for contempt and the motion to change custody. Kristi filed a motion seeking attorney's fees and costs in the total amount of $4,044.60 for her successful defense against John's motions. Kristi appended two exhibits to her motion: (1) an affidavit from her attorney asserting that, in defending Kristi against John's motions, he provided eighteen hours of service at $200 an hour ($3,600 attorney's fees) and incurred a $444.60 expense in taking John's deposition; and (2) the court reporting service's invoice for the cost of that deposition. John opposed Kristi's motion arguing in part that it would violate due process to award her attorney's fees based on the vague and inadequate evidence Kristi presented.

The circuit court awarded Kristi attorney's fees and costs in the amount of $2,000, and John appeals. John argues that there was insufficient evidence on which to award attorney's fees, requiring that the circuit court's order be reversed. We affirm.

The circuit court has the inherent power to award attorney's fees in domestic-relations proceedings. *Hargis v. Hargis*, 2019 Ark. 321, 587 S.W.3d 208. Our appellate courts have generally recognized the circuit court's superior perspective in determining whether to award attorney's fees due to its intimate acquaintance with the record and the quality of services rendered. *Id.* The decision to award attorney's fees is accordingly a matter within the circuit court's discretion. *Id.* Absent a clear abuse of that discretion, an award of attorney's fees will not be disturbed on appeal. *Id.* Discretion is abused when it is exercised improvidently, thoughtlessly, and without due consideration. *Id.*

John does not assert that due process required that a hearing be conducted on Kristi's request before the circuit court would have the authority to award attorney's fees. Indeed, our supreme court has held that due process does not require a hearing on a request for attorney's fees in the context of domestic-relations proceedings. *See Hargis*, *supra*. The focus of John's appeal is his argument that the attorney's affidavit is too vague and does not explain or detail what the eighteen hours in legal services were for, such that he was deprived of a full and fair opportunity to rebut and defend against Kristi's motion. John concludes that the circuit court's attorney's-fee award "was unsupported by any meaningful evidence" and that this deprived him of due process. We disagree.

The affidavit explained that the attorney had been in practice for seventeen years, had experience in domestic-relations cases, charged $200 an hour, and had "expended 18

hours of time in trial preparation, deposition time, responding to pleadings, exchanging discovery, and meeting with my client regarding this matter prior to the hearing on August 6, 2019." Kristi's attorney provided the hours that he worked, the rate for those legal services, and the activities for which he charged Kristi, all in an affidavit. This affidavit was adequate evidence against which John could form an adversarial response and on which the circuit court could rely to set a reasonable attorney-fee award. *See McCabe v. Wal-Mart Assocs., Inc.*, 2019 Ark. App. 566, 591 S.W.3d 335.

Moreover, this circuit court presided over the divorce proceedings and these post-decree matters, so it was acquainted with the record and the parties, the issues being litigated, and the quality of legal representation Kristi received. The circuit court entered its order eleven days after John had submitted his response to Kristi's motion, and the circuit court awarded approximately half of what was requested.[1] In order to reverse an attorney-fee award, an appellant must show that the circuit court acted "improvidently, thoughtlessly, or without due consideration." *Hankook Tire Co. v. Philpot*, 2020 Ark. App. 316, 603 S.W.3d 614. John has not made that showing with respect to the attorney-fee award in this case.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Lancaster & Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Wankum Law Firm*, by: *J. Jeff Wankum*, for appellee.

---

[1]If the $2,000 lump-sum award included the requested costs (which we cannot ascertain on this record), then the attorney-fee award was less than half of what was requested.