Cite as 2024 Ark. App. 495

# ARKANSAS COURT OF APPEALS

DIVISION II
NO. CV-23-319

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 9, 2024 |
| JEFFERY C. FRAZIER | | |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73DR-16-361] |
| V. | | |
| | | HONORABLE DANIEL C. BROCK, JUDGE |
| JANA BLAND AND PAIGE BLAND | | |
| | APPELLEES | REVERSED |

## KENNETH S. HIXSON, Judge

Appellant Jeffery C. Frazier appeals from an order that awarded $17,203.65 in attorney's fees to appellee Jana Bland and $7,556.65 in attorney's fees to appellee Paige Bland. These attorney's fees arose from a companion case, *Frazier v. Bland*, 2024 Ark. App. 494, ___ S.W.3d ___ (*Frazier II*), which our court is also handing down today. For the reasons explained herein, we reverse the trial court's order awarding both attorney's fees.

This is a paternity and child-support case with a lengthy procedural history (*See Frazier I*[1] and *Frazier II* for additional facts and procedural history). Jana Bland is Paige's mother. As Paige was approaching graduation from high school, Jana became concerned with her ability to fund Paige's college education. As such, Jana assigned her rights to retroactive child support against Jeffery to the Office of Child Support Enforcement (OCSE). On May

---

[1]*Frazier v. Off. of Child Support Enf't*, 2021 Ark. App. 65, 618 S.W.3d 415.

19, 2016, OCSE filed a paternity complaint and retroactive child-support claim against Jeffery alleging Jeffery is Paige's father.[2] When the complaint was filed, Paige was seventeen years and eight months old, and OCSE sought nearly eighteen years in retroactive child support. The subsequent record revealed that Jana had not communicated with Jeffery since Paige was three months old when she filed an unrelated debt claim in small claims court against him. Both Jana and Paige were later joined as party plaintiffs to the case.

In the initial round of litigation resulting in *Frazier I*, the trial court entered a summary-judgment order finding Jeffery to be Paige's father and ordering him to pay $179,080.54 in retroactive child support "to the plaintiffs." Jeffery appealed from the order of summary judgment. In *Frazier I*, we held that material fact questions remained pertaining to Jeffery's affirmative defenses to the claim for retroactive child support, and we reversed and remanded for trial.

On remand, after a bench trial, the trial court entered an order on June 28, 2022, finding in pertinent part that Jeffery is Paige's biological father and establishing paternity. The trial court then found that Jeffery owed $181,739.90[3] in retroactive child support based on Jeffery's admitted wages as applied to the child-support guidelines then in place for each year calculated. The trial court found that Jeffery proved the affirmative defense of laches as

---

[2]DNA testing confirmed Jeffery is Paige's father, and Jeffery has since stipulated that he is Paige's father.

[3]The initial award was $179,080.54 and the current award is $181,739.90. The difference is apparently a correction in the calculation made by OSCE. However, this difference is not relevant to this appeal.

to Jana's claim for retroactive child support, stating that Jana had the necessary information to locate Jeffery to establish paternity and child support at all times but that she simply chose not to do so until Paige was almost an adult. However, the trial court found that Jeffery did not prove any of his affirmative defenses as to Paige's claim for retroactive child support. In a somewhat obscure June 28, 2022, order, the trial court awarded Jana $18,138.44 in retroactive child support and awarded Paige $163,601.46 in retroactive child support for a combined total of $181,739.90.

In the June 28, 2022, judgment, the trial court acknowledged that Jana's previous summary judgment against Jeffery for retroactive child support in the amount of $179,080.54 was "*void ab initio*" when the summary judgment was reversed by the court of appeals in *Frazier I*. As is typical in domestic-relations cases where child-support awards are appealed, Jeffery began making periodic payments on the $179,080.54 award that was ultimately voided. The record reveals that during the pendency of *Frazier I*, Jeffery had made payments on the retroactive summary-judgment award in the amount of $39,388.44. In the June 28, 2022 order, the trial court stated,

> On remand, this Court ordered Jana Bland to begin paying back the sums previously collected because the order previously awarding judgment was void ab initio. By the time of the trial, Jana Bland still owed the sum of $18,138.44 to Jeffery Frazier. Jeffery Frazier is therefore credited with the amount still held by Jana Bland, thereby leaving the remaining amount to be paid to Jana Bland on the judgment established in this Order to be $0.00.

Apparently, instead of requiring Jana to repay the $18,138.44 balance on the voided judgment, the court allowed Jana to retain those funds and awarded her a self-satisfying

judgment in the amount of $18,138.44 while giving Jeffery a corresponding credit against retroactive child support owed to Paige.

Jeffery appealed and Jana cross-appealed from the trial court's June 28, 2022 order. In that appeal, which is *Frazier II*, Jeffery did not contest the $18,138.44 self-satisfying judgment awarded to Jana, but he argued that the $163,601.46 awarded to Paige should be reversed based on his laches defense that was applied against her mother's, Jana's, claim for retroactive support. On cross-appeal, Jana argued that laches should not have been applied to her claim. In *Frazier II*, which we also hand down today, we reversed on direct appeal, and we affirmed on cross-appeal.[4]

We now turn to the instant appeal involving attorney's fees. In the trial court's June 28, 2022 order that awarded retroactive child support, the trial court stated that Jana and Paige's attorneys may submit requests for attorney's fees in compliance with Rule 54(e) of the Arkansas Rules of Civil Procedure.

On July 5, 2022, Jana filed a petition requesting $21,218.65 in attorney's fees, asserting that the "fees are awardable in accordance with A.C.A. § 9-14-233(b) as well as the Court's powers to enforce such provisions of the Court's orders." On July 7, 2022, Paige filed a petition requesting $7,806.65 in attorney's fees and cited Ark. Code. Ann. § 9-14-233 as the statute authorizing the fees. Both Jana and Paige attached to their petitions an itemized list of the attorney's fees billed in the case.

---

[4]We will discuss the specifics of our decision in *Frazier II* as becomes necessary later in this opinion.

On July 22 and July 25, 2022, Jeffery filed separate responses to the petitions for attorney's fees. In each response, Jeffery alleged that neither petition was in compliance with Rule 54(e) because that rule requires the moving party to specify the statute or rule entitling the moving party to the attorney's-fee award, and in their petitions, both Jana and Paige had cited an inapplicable statute. Specifically, Jeffery asserted that Ark. Code Ann. § 9-14-233(b) allows for attorney's fees for only the *enforcement* of an existing child-support order, and this was an action for the *establishment* of an original child-support obligation.[5] Jeffery also asserted that he had prevailed in his defense of Jana's claim for retroactive child support on the basis of laches, and that it would be inequitable to require him to reimburse either Jana or Paige for their attorney's fees under the circumstances presented.

On October 28, 2022, the trial court held a hearing on Jana's and Paige's petitions for attorney's fees. At the hearing, Jeffery argued, as he had done in his written responses to the petitions, that Ark. Code Ann. § 9-14-233(b) does not authorize attorney's fees in the instant matter. Jeffery also argued in the alternative that it would be inequitable to award any attorney's fees against him under the circumstances of the case. Paige argued that, regardless of whether the statute cited in their written petitions was applicable, attorney's fees in this paternity action were authorized by Ark. Code Ann. §§ 9-10-109(a) and 9-27-342(d), and Jana asserted further that the trial court has the inherent power to award

---

[5]Arkansas Code Annotated section 9-14-233(b) provides, "The circuit court shall award a minimum of ten percent (10%) of the support amount due or any reasonable fee, including a contingency fee approved by the circuit court, as attorney's fees in actions for the enforcement of payment of support provided for in the order."

attorney's fees in domestic-relations proceedings. The trial court ruled from the bench that the statutes cited by Paige authorized an award of attorney's fees and that it would award the attorney's fees requested by both Jana and Paige except for those fees that were related to the appellate work in the *Frazier I* summary-judgment appeal.

On December 15, 2022, the trial court entered an order granting attorney's fees and making the following findings:

> 2. The Court find that there are statutes that apply authorizing the payment of attorney's fees and finds that part of the reason for the case being drawn out is because of the actions of Defendant Jeffrey C. Frazier. Particularly, he alleged that he did not know the child was his, but during his testimony he testified that he was told that she was his child and it appears to the Court that some of the other defenses were apparently fabricated by Mr. Frazier.
>
> 3. The Court does find that the appellate work submitted in the Plaintiffs' attorneys' billings should not apply. In applying the factors set forth in *Chrisco v. Sun Industries*, 304 Ark. 227, the Court find that all the other fees submitted are reasonable and the Court awards attorney's fees to [Jana] in the amount of $17,203.65 and to [Paige] in the amount of $7,556.65.

Jeffery timely appealed from the order awarding attorney's fees, which is the subject of the present appeal.

Before discussing Jeffery's appeal on the attorney's-fees issue, we find it necessary to briefly summarize our disposition in the companion case, *Frazier II*, which is also being delivered today. In *Frazier II*, Jeffery did not contest the $18,138.44 self-satisfying judgment awarded to Jana, but he argued that the $163,601.46 awarded to Paige should be reversed based on his laches defense that was applied against Jana's claim for retroactive child support. On cross-appeal, Jana argued that laches should not have been applied to her claim. In

6

*Frazier II*, we affirmed on Jana's cross-appeal based on our holding that the trial court did not clearly err in finding that Jana's near eighteen-year delay in bringing the action, along with the absence of any reasonable explanation for the delay, created an inequity and that injustice would be done by granting the relief requested and that the trial court did not err by applying the equitable defense of laches. We reversed on Jeffery's direct appeal, holding that the trial court clearly erred in not finding that because laches applied to Jana's claim for retroactive child support, which resulted in the denial of the claim, such application barred Paige's claim under the single-obligation principle as explained in the opinion. Accordingly, in *Frazier II*, we vacated the $163,601.46 in retroactive child support awarded to Paige.

In this appeal from the award of attorney's fees in the same paternity and child-support case discussed above, Jefferey raises two arguments. First, Jeffery argues that the trial court erred in awarding attorney's fees because the written petitions for the fees failed to comply with Rule 54(e). Next, he argues in the alternative that the trial court abused its discretion in awarding attorney's fees to Jana and Paige. Although we disagree with Jeffery's first argument, we agree with his second argument that the trial court abused its discretion in awarding attorney's fees.

Jeffery's first argument is that neither Jana's nor Paige's written petition for attorney's fees was in compliance with Rule 54(e), which provides in relevant part:

> (1) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

7

(2) Unless otherwise provided by statute or order of the court, *the motion* must be filed and served no later than 14 days after entry of judgment; *must specify* the judgment and *the statute or rule entitling the moving party to the award*; and must state the amount or provide a fair estimate of the amount sought.

(Emphasis added.) Jeffery states that the only statute cited in Jana's and Paige's written petitions was Ark. Code Ann. § 9-14-233, which he asserts is inapplicable because that statute applies to only enforcement of an existing child-support order and not an action for the establishment of a child-support obligation. Jeffery thus posits that attorney's fees should have been denied because neither petition specified a statute or rule entitling the moving party to the award as required by the rule.

We do not agree with Jeffery's first argument because—even assuming the statute cited in the written petitions does not authorize attorney's fees—at the hearing on attorney's fees, Paige correctly identified statutory authority for awarding attorney's fees in a paternity action, and Jana correctly noted that the trial court has inherent power to award attorney's fees in domestic-relations cases. Arkansas Code Annotated section 9-10-109(a)(1)(A), cited by Paige at the hearing, provides in relevant part:

[S]ubsequent to a finding by the court that the putative father in a paternity action is the father of the child, the court shall follow the same guidelines, procedures, and requirements as set forth in the laws of this state applicable to child support orders and judgments entered by the circuit court as if it were a case involving a child born of a marriage in awarding custody, visitation, setting amounts of support, costs, and attorney's fees.

Arkansas Code Annotated section 9-27-342(d), also cited by Paige at the hearing, provides:

Upon an adjudication by the court that the putative father is the father of the juvenile, the court shall follow the same guidelines, procedures, and requirements as

8

established by the laws of this state applicable to child support orders and judgments entered upon divorce. The court may award court costs and attorney's fees.

In *Davis v. Williamson*, 359 Ark. 33, 194 S.W.3d 197 (2004), the supreme court held that both of these statutes permit the trial court, in its discretion, to award attorney's fees in a paternity action such as this one. Moreover, in *Hargis v. Hargis*, 2019 Ark. 321, 587 S.W.3d 208, the supreme court stated that it is well settled that the trial court has the inherent power to award attorney's fees in domestic-relations proceedings. Therefore, the trial court clearly had the authority to consider the attorney's-fees petitions in this case and to exercise its discretion in whether to award any fees. And the fact that the statutory authority for the attorney's fees was cited orally at the hearing instead of in the written petitions does not change this result. *See State Auto Prop. and Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 991 S.W.2d 555 (1999) (holding that an oral motion for attorney's fees was acceptable because, in part, Rule 54(e)(2) authorizes a court to modify its procedure for requesting attorney's fees).

Nevertheless, even though there was statutory and inherent authority on which to award attorney's fees in this paternity and child-support case, we agree with Jeffery's second argument that under the particular circumstances presented, the trial court abused its discretion in awarding attorney's fees to Jana and Paige.

It is well settled that the trial court has the inherent power to award attorney's fees in domestic-relations proceedings. *Hargis, supra*. Our supreme court has held that we are to generally recognize the trial court's superior perspective in determining whether to award attorney's fees due to its intimate acquaintance with the record and the quality of services

9

rendered. *Id.* There is no fixed formula for determining what constitutes a reasonable amount of attorney's fees, and pertinent considerations can include the attorney's judgment, learning, ability, skill, experience, and professional standing; the relationship between the parties and the importance of the subject matter of the case; the nature, extent, and difficulty of services; and the research, anticipation of defenses, and means of meeting them. *Goodson v. Bennett*, 2018 Ark. App. 444, 562 S.W.3d 847. Additionally, the relative financial ability of each party is a consideration, but it is not determinative. *Id.* The decision to award attorney's fees is accordingly a matter within the trial court's discretion. *Baber v. Baber*, 2011 Ark. 40, 378 S.W.3d 699. We will not disturb a trial court's decision regarding attorney's fees absent an abuse of discretion. *Vice v. Vice*, 2016 Ark. App. 504, 505 S.W.3d 719. Discretion is abused when it is exercised improvidently, thoughtlessly, and without due consideration. *Hargis*, *supra*.

The proceedings in this case were complex and lengthy. In its order awarding attorney's fees, the trial court found that the case was drawn out as a result of Jeffery's actions, but we do not agree with this assessment. The reason the case was reversed and remanded in *Frazier I* for further proceedings in the trial court was not due to Jeffery's actions but because the trial court erroneously granted summary judgment when there were material issues of fact to be tried with respect to Jeffery's affirmative defenses, including laches, upon which Jeffery ultimately prevailed. Although not dispositive, the determination of the prevailing party is a relevant consideration in deciding the issue of attorney's fees. *See Folkers v. Buchy*, 2019 Ark. App. 30, 570 S.W.3d 496. Jeffery prevailed in *Frazier I* when we reversed

10

the summary judgment, and after a trial on remand, he prevailed against Jana based on his claim that laches applied to her claim for retroactive child support. Although the trial court did fashion an equitable remedy that resulted in a self-satisfying judgment of $18,138.44, which represented the balance of what Jana had been previously paid in child support based on the voided summary-judgment order, this amount was less than ten percent of the total amount ($181,739.90) that Jana had requested. And, as explained previously, Jeffery has now prevailed against Paige's claim because in *Frazier II* we reversed the $163,601.46 in retroactive child support that had been awarded to her. Jeffery also notes that some of the attorney's fees claimed by both Jana and Paige were for services performed on motions and hearings wherein Jeffery ultimately prevailed. Finally, little information was presented with respect to the relative financial abilities of the parties. Taking all of this into consideration, we hold that the trial court abused its discretion in awarding attorney's fees; accordingly, the order awarding the fees is reversed.

Reversed.

BARRETT and WOOD, JJ., agree.

*James & Streit*, by: *Jonathan R. Streit* and *Elizabeth James*, for appellant.

*Robert Hudgins* and *Robert M. Abney*, for appellees.

11